OFFICERS OF CITY OF HOUSTON v. W. W. SMITH.

No. 967.

**Pleading—Petition for Mandamus—Allegations Insufficient where Denied, and no Evidence Adduced.**

Plaintiff, a city contractor, applied for mandamus to compel certain officers of the city to prepare a roll of ownership and assessment, showing the amounts chargeable upon city lots in a sewerage district, the petition alleging that no such assessment roll had been made, as provided for by the terms of plaintiff's contract, although the city council had repeatedly promised to have it made. Defendants' answer alleged that such roll had been prepared and filed, and certificates of such sewerage costs issued and delivered to plaintiff, who had collected a large part of them, and that because of some errors in assessing the cost of the work against some of the property owners in the district, plaintiff was seeking to have the entire district re-assessed, and that by the action already had in the matter plaintiff was precluded from claiming a new assessment. The court heard the case upon the petition and answer, without evidence, and ordered a peremptory writ to issue. Held, that the judgment was not warranted, since the allegations in the petition were denied by the answer, and the petition failed to point out wherein the assessment which had been prepared was void or insufficient.

ERROR from Harris. Tried below before PRESLEY K. EWING, ESQ., Special Judge.

*John A. Stewart* and *E. P. Hamblen*, for plaintiffs in error.—Mandamus will not be awarded unless it appear "that the plaintiff has a clear right to the performance of the thing demanded, and that it is plainly the duty of the officer proceeded against to perform such thing." Railroad Co. v. Randolph, 24 Texas, 329; Commissioner v. Smith, 5 Texas, 480; Knox County v. Aspinwall, 24 Howard U. S., 376; United States v. Boutwell, 17 Wall., 604.

. *J. W. Campbell,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action by defendant in error to compel, by mandamus, the mayor, city engineer and board of public works of the city of Houston to prepare a roll of ownership and an assessment showing the amounts chargeable upon the several lots and parcels of land situated in a sewerage district of the city for the construction of sewers therein, under a contract made with the city in accordance with the charter. The hearing below was upon the petition . and answer, without evidence, and the peremptory writ was awarded by the judgment rendered.

The first assignment of error is as follows: "The pleading in said cause shows that the plaintiff, Smith, has accepted certificates issued by the city of Houston on a previous roll covering the work done as set forth in his petition, and that he has collected many of the certificates so assessed by the city for the payment of said work, and still has in his possession certificates on other property in said district sufficient to cover his entire indebtedness, and he, as well as the city of Houston, are thereby estopped from making any further assessment on the property in said district."

The allegations of the petition are to be taken as true so far as they are not traversed by the answer, and if the petition states facts which the answer does not controvert sufficient to entitle plaintiff to the writ .sought, the judgment awarding it should be affirmed. Sansom v. Mercer, 68 Texas, 489. After stating the facts relied on as entitling him to have the roll made as demanded, and as making it the duty of the defendants to furnish such roll, the petition avers that "no such assessment of the cost of said sewer construction has been made against the lands in the ·sewer district and the owners thereof as provided in such resolutions of the city council and by the provisions of said contract, and as authorized by the charter of said city, and that no certificates as provided for in said resolutions, contract and charter have been issued."

It is further alleged, that, though demand has often been made of defendants, they have never made such roll, but have recognized plaintiff's right to same, and have promised from time to time to make such roll. And, further on, the petition alleges that the city council has adopted resolutions directing the making of the roll, and that defendants have not denied his right to it, but have promised to make the roll and have not done so.

The answer states that a roll of ownership was filed and duly advertised on May 13, 1891, and certificates were ordered issued July 13, 1891, and were thereafter issued and delivered to plaintiff, and that a large portion of them had been collected by him. The answer then states that it is because of some errors in assessing the cost of the work against some of the property owners living in the district that plaintiff .seeks to have the entire district re-assessed, and it claims that by their ·former action plaintiff is precluded from claiming a new assessment.

Obviously, in order to entitle plaintiff to maintain his action, his petition must show that the defendants were in default in the performance of a duty. It may be conceded that the pleadings show that the facts had transpired to impose the duty upon them, but does it show by allegations of fact that they had failed or refused to perform it, and, if so, are those allegations uncontroverted? The allegations in the petition might mean either that the defendants had made no roll at all, or that they had made one which was not in accordance with the charter, the resolution and the contract. If it be taken as sufficient to charge the first named state of facts, it is directly negatived by the answer, which avers that a roll was filed, and, by necessary inference, that it had been approved and acted on by the city council and the other officers, as well as by the plaintiff. If the allegation of the petition is taken to mean that the roll which was filed was not in accordance with law, it may well be doubted whether or not this would be sufficient, if uncontroverted, to authorize the issuance of a mandamus. Thus viewed, it stated nothing but a conclusion of law, without disclosing any fact upon which it was based. It would seem that the rules of pleading in such cases, where the defendants had done what they intended for a performance of their duty, and, relying upon it, declined further action, would require that the petition state what had been done and point out wherein it was insufficient. Cullem v. Latimer, 4 Texas, 329. The form of allegation, that the act done was not in accordance with law, could only be traversed by the counter statement that it was done in accordance with law, and thus only conflicting opinions would be presented, without any of the facts by which the court could judge which was correct. If it could be held that such an allegation is sufficient where not demurred to, this does not help the case, for the court cannot award the writ upon an allegation that is controverted. If the petition asserts that the roll which was made was insufficient, the answer claims that it was all that plaintiff was entitled to. This is done in a very general and argumentative way, it is true, but the answer need not be more certain than the petition. High, Extraordinary Legal Remedies, sec. 472.

It may be that the allegation of the petition would have been sufficient to authorize plaintiff to show by proof that no roll had been made at all, or that that which was made was a nullity. If a void roll was made, it would be no performance of defendant's duty, and, in such a case, an allegation that no roll had been made would be supported by such proof. But no such proof was made. The question is, do the uncontroverted allegations of the petition entitle plaintiff to the mandamus? and it appears that the only controversy between the parties is as to the sufficiency of a roll which is not produced and the nature of which is not stated on either side. The answer, it will be observed, admits that there were some errors in the roll which was made, but does not admit that they run through or affect the whole assessment, and it cannot therefore be taken to admit that the assessment was void.

Stress is laid upon the allegations that the defendants had not denied,

but admitted, plaintiff's right to have the roll made and had promised to make it; but whatever might otherwise be the effect given to such an allegation, it cannot be held to show an admission that there had been no performance of their duty by appellants, for the reason that it does not appear that the promises were made after the making of the roll set up in the answer. It is hardly necessary to say that the replication to the answer could have no other effect than to make an issue of fact to be resolved by evidence.

The assignment above quoted is, in our opinion, well taken so far as it affirms error in the granting the writ upon the petition and answer, though we do not hold that if the assessment should be void, it would preclude appellee from claiming a valid one.

We cannot see from the record that appellee's claim that the city council is invested by the charter with the exercise of a discretion in apportioning the cost of main and lateral sewers among the property owners, is an objection to this suit. The council has determined the plan of the work and the mode of making assessment, and this proceeding is only to compel the ministerial officers to make out the roll in accordance with that plan. Assuming that such plan is valid, and that the contract was made and the work done in accordance with it, the right of the contractor to have the assessment made and the duty of defendants to make it would seem to be complete. The fact that under the charter, the council originally had a discretion to determine how the cost of main and lateral sewers should be apportioned, does not seem to affect the present controversy. The question as to the validity of that portion of the charter undertaking to give them such discretion, and as to its effect, if invalid, upon the other regulations, is not before us. Without knowing just what has been done, we cannot intelligently pass upon a number of questions that might arise, and hence will go no further than we have done.

*Reversed and remanded.*

Delivered January 23, 1896.